UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICKEY CARPER,

      Plaintiff,

                                       Case No. 2:12-cv-395

v.                                       HON. ROBERT HOLMES BELL

UNKNOWN PARTY,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Rickey Carper, a federal inmate being housed at Marquette Branch Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against an Unknown Party. On October 28, 2012, Plaintiff sent a document to the court, which was filed as a complaint, but was actually formatted more like a letter. In this document, Plaintiff asserts that he has suffered from a hydrocele on his right testicle for nine years, which causes terrible pain. Plaintiff was placed on Ultram, which he took for eight and a half years and was very effective. Plaintiff asserts that seven months ago his Ultram was discontinued due to a change in policy. Plaintiff was told that he could only have over-the-counter medication, but that these were ineffective in treating his pain. Plaintiff claims that he has been unable to resolve the issue and that he refused to eat for eighteen days because he would rather starve to death than continue in such pain. Plaintiff requests surgery, a restoration of his pain medication, and/ or a transfer back to the Federal Prison System.

The case was referred to the *Pro Bono* Plan on October 24, 2012, for appointment of counsel. Plaintiff was referred to Attorney Daniel Manville. On November 8, 2012, Mr. Manville

informed the undersigned that Plaintiff had stated that he did not wish to file a lawsuit. Mr. Manville planned to ask Plaintiff to sign a voluntary dismissal agreement and to submit a Rule 41(a) voluntary dismissal on Plaintiff's behalf. On December 6, 2012, Mr. Manville indicated that he had met with Plaintiff the previous week, and that Plaintiff had changed his mind about wanting a voluntary dismissal and had ceased his hunger strike. Plaintiff had given Mr. Manville more information regarding his case. Mr. Manville subsequently sent Plaintiff a letter with additional research and giving Plaintiff two weeks to respond to his letter or Mr. Manville would inform the court that he was not involved in Plaintiff's case. On January 23, 2013, Mr. Manville indicated that he had made a personal visit to Plaintiff, as well as had a phone conversation with Plaintiff. Plaintiff was to have contacted Mr. Manville, but Mr. Manville had not heard from Plaintiff since late November of 2012.

As noted above, Plaintiff first filed his "complaint" in the form of a letter on October 18, 2012. Plaintiff failed to file his complaint on the proper form and does not identify a defendant. The letter falls short of the requirements of Rules 8(a) and 10 of the Federal Rules of Civil Procedure. Nor was Plaintiff certain that he even wished to pursue a civil rights action. Plaintiff was contacted by an attorney, who met with him, telephoned him, and communicated with him by letter. Plaintiff failed to maintain contact with this attorney, or take any further action with regard to this case. Therefore, the undersigned recommends dismissal of this action without prejudice for failure to prosecute.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   January 28, 2013